IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA,           3:08-cr-385-(2)-RE

            Plaintiff,           OPINION AND
                              FINDINGS OF FACT

v.

JERONIMO BOTELLO-ROSALES,

            Defendant.

**S. AMANDA MARSHALL**
United States Attorney
**JENNIFER J. MARTIN**
**LEAH K. BOLSTAD**
1000 SW Third Avenue
Suite 600
Portland, OR 97204
(503) 727-1000

        Attorneys for Plaintiff

**MICHAEL R. LEVINE**
Levine & McHenry LLC
1001 SW Fifth Avenue
Suite 1414
Portland, OR 97204
(503) 546-3927

        Attorneys for Defendant

1 - OPINION AND FINDINGS OF FACT

**BROWN, Judge.**

This matter comes before the Court on remand pursuant to the Mandate (#223) of the Ninth Circuit Court of Appeals before which Defendant's direct appeal remains pending on his challenge to the Order (#108) of the Honorable James A. Redden, Senior United States District Judge, in which he denied Defendant's Motion (#82) to Suppress post-arrest statements. The Ninth Circuit directed the District Court to make "additional fact-finding as to the content of the Spanish-language warning administered to Botello, and whether the words used adequately conveyed to Botello his *Miranda* rights." Mandate at 3. Because Judge Redden is not available for these remand proceedings, the matter was reassigned to this judicial officer.

The Court conducted an evidentiary hearing on January 31, 2012, and heard legal argument regarding the remanded question.

## I.  SCOPE OF THE REMAND.

Before and during the hearing, Defendant objected to any evidence the government proposed to introduce concerning Defendant's ability to understand English because such evidence was not probative of the remanded issue --"the content of the Spanish-language warning administered to Botello, and whether the words used adequately conveyed to Botello his *Miranda* rights." Mandate at 3. The government, however, contends Defendant's understanding of English is relevant to whether he ultimately

received adequate *Miranda* warnings because the warnings were administered to him in both English and Spanish and any potential ambiguity in the Spanish translation was clarified by, and in any event must be assessed in the context of, the accurate English-language warning. In particular, the government also proposed to offer evidence to show Defendant's appropriate, substantive responsiveness to English-language questions not translated into Spanish as circumstantial evidence that Defendant was communicating well with investigators in both English and Spanish via the assistance of the Spanish-language translation provided by Jose Luis Salas, then a Detective with the City of McMinnville Police. The government asserts that such evidence would assist the Court in ultimately determining whether Defendant received adequate *Miranda* warnings.

Although facts such as Defendant's comprehension of English might bear on whether the combined English and Spanish language warnings were, in fact, adequate to convey to Botello his *Miranda* rights, it is unclear to this Court whether the Ninth Circuit's Mandate precludes on this remand further development of the record in this respect. In order to ensure there is an adequate factual record for the Court of Appeals to complete its consideration of Defendant's appeal, the Court overruled Defendant's continuing Objection to evidence beyond the content of the Spanish-language *Miranda* warnings and received the

challenged evidence as an offer of proof. To that end the Court has made separate findings of fact that may be disregarded if it is determined they are beyond the scope of the remand.

## II.  **The Evidence**.

Although the Court has been directed to make "additional fact-finding as to the content of the Spanish-language warning administered to Botello," it is not presently possible to recreate an exact rendition of the Spanish words that Detective Salas used on August 27, 2008, when he translated into Spanish the English-language *Miranda* warnings read to Defendant by Detective Brandon Bowdle. There was not a simultaneous record made on August 27, 2008, of the specific Spanish-language words that Detective Salas used, and Detective Salas has not used the same formulation of Spanish words each time he has given *Miranda* warnings in Spanish over nearly 20 years. Finally, Defendant has pointed to differences in Detective Salas's testimony at the September 2009 hearing before Judge Redden and the January 2012 remand hearing before this Court concerning the Spanish words that he has used to convey *Miranda* warnings. Accordingly, the Court has evaluated all of the potential formulations that Detective Salas may have used in this instance in order to complete the factual record on remand. Although the Court does not repeat Judge Redden's Findings here, the Court points out the

instances in which testimony at the January 2012 hearing differs from the 2009 hearing.

## A.  **The First Interview**.

On August 27, 2008, Detectives Brandon Bowdle and Salas interviewed Defendant.  Detective Salas served as the Spanish translator.  Tr. 8:7-10; 18:1-2 (2009).[1]

Prior to the interview, Detective Salas told Defendant in Spanish that he was translating for the other officers, and "[i]f at any point [you] don't understand something I'm telling [you] or [you] need to clarify something with me, just to let me know, we'll pause, make sure everyone understands what we're trying to convey, and then move on."  Tr. 45:25-46:9 (2009).  Reading from a card, Detective Bowdle advised Defendant in English:

> You have the right to remain silent.  Anything you
> say may be used against you in a court of law.
> You have the right to talk to a lawyer and have
> him or her present with you while you're being
> questioned.  If you cannot afford to hire a
> lawyer, one will be appointed to represent you
> before any questioning if you wish.

Tr. 18:25; 19:1-5; 19:10-16 (2009).  Detective Salas then spoke to Defendant in Spanish.  Tr. 19:17-22 (2009).  Detective Bowdle asked Defendant whether he understood his rights.  Tr. 20:2-7 (2009).  Defendant "responded yes, that he understood" and indicated he was willing to speak with the officers.  Tr. 20:2; 48 (2009).  Defendant did not ask the officers any questions or

---

[1]  Citations to the Transcripts are dated for clarity.

ask for clarification of any of his rights. Tr. 48; Tr. 81:2-4
(2009). Detective Salas testified he did not have any difficulty
understanding Defendant's responses, and Defendant did not appear
to have any difficulty understanding Detective Salas's questions.
Tr. 50 (2009).

At the January 2012 hearing, Detective Salas reiterated to
the best of his recollection the Spanish words that he used when
translating Defendant's *Miranda* rights. Federally-certified
Spanish interpreter Dan Cobel translated those Spanish words into
English line by line as follows:

> "You have the right to remain silence." Tr. 3:24-25
> (2012).
>
> "Anything you say can be used against you in the court
> of law." Tr. 4:9-10 (2012).

As to these translations, Cobel noted Detective Salas used the
Spanish word "courte," but pointed out that a correct reference
to a court of law requires a feminine article. Cobel stated
Detective Salas's use of "courte" in a masculine form "could be
ambiguous" because the word could mean "cut" or "skirt" in
Spanish. Tr. 4:11-16 (2012). Cobel continued:

> "You have the right to talk to a lawyer and to have him
> present with you during the interview." Tr. 4:23-24
> (2012).
>
> "If you don't have the money to pay for a lawyer, you
> have the right. One, who is free, could be given to
> you." Tr. 5:4-6 9 (2012).

At the January 31, 2012, hearing, Detective Bowdle testified he asked Defendant what the people guarding the marijuana grows were told to do if they encountered police. Detective Bowdle testified Defendant answered the question in English without waiting for a Spanish translation of the question. Detective Bowdle also testified Defendant answered "yes" in English to the question whether there were guns at the grow sites and used the English word "garden" to refer to the grow sites.

**B.** **The Second Interview**.

A few hours later, on the same morning, Detectives Bowdle and Salas interviewed Defendant in the Tillamook County Sheriff's office. Tr. 33:5-12 (2009). Detective Bowdle asked Defendant what kinds of firearms were at the grow sites. In the September 2009 hearing, Detective Bowdle testified that, in response to this question, Defendant "actually pointed to Detective Salas's, which was in the holster on his side, and said in English, '[j]ust like that one.'" Tr. 38:9-11 (2009). At the January 2012 hearing Detective Bowdle testified both the question as to types of firearms and Defendant's answer ("[j]ust like that one") were in English only.

**C.** **Expert Testimony**.

1. <u>Therese L. Rogers</u>

Therese L. Rogers, a federally-certified Spanish interpreter, was the court-appointed interpreter for Defendant at

the September 2009 hearing. Also called as a witness at the 2009 hearing, she testified that even though she had not been tracking Detective Salas's testimony for completeness or content, she made two notes about Detective Salas's in-court translation. Tr. 62:12-17 (2009). First, Detective Salas said in Spanish that Defendant's statement could be used against him "in the law" instead of "in a court of law." Tr. 64:7-14 (2009). Second, Detective Salas used the Spanish word "libre" to convey the idea that Defendant had the right to an attorney at no cost. Tr. 62:18-20 (2009). Rogers testified "libre" does not mean "without cost" in Spanish, but instead means "free" in the sense of "being free" or "freely." Tr. 62:20-24 (2009). She stated the use of the word "libre" "does not convey that you will not have to pay" for a lawyer. Tr. 64:18-22 (2009). Rogers acknowledged, however, that the context of Detective Salas's in-court translation of the rights included the phrase: "[I]f you do not have funds to pay," you can have an attorney "libre." Tr. 68:68-69 (2009).

At the January 2012 hearing Rogers testified the Spanish used by Detective Salas had poor syntax. She was surprised he would use the word "libre" to convey that an attorney would be appointed without cost. Rogers testified there were several ways to express the concept "without cost," none of which included the term "libre." Rogers postulated the use of

this word could convey to a Spanish-speaking person they would get an attorney who is not in custody or who is available. Finally, Rogers testified on cross-examination that the phrase "entrada libre" is commonly used to convey that one may physically enter a commercial establishment without paying, but "libre" nonetheless would not be used in the context of providing the services of an attorney or physician without charge.

### 2.  Oscar Hector Pichardo

Pichardo also is a federally-certified Spanish interpreter. He testified he would not use "libre" when talking about obtaining an attorney's services without cost. He testified a Spanish-speaking person could understand that the words Detective Salas used in the January 2012 hearing to describe this *Miranda* warning to mean a person was free to have an attorney or that an attorney is free of his duties. Asked to translate Detective Salas's fourth sentence and to describe the meaning conveyed by it in context, Pichardo testified he didn't know whether he could provide a translation of those words.

### D.  **Lay Testimony**.

Magda Vasquez-Comacho, a co-defendant in this case, appeared pursuant to subpoena. She was present at the August 2008 arrest and was the first person interviewed by Detectives Bowdle and Salas. She is allowed to remain in the United States because she is a cooperating witness for the government. She testified in

Spanish, with Cobel interpreting, that the Spanish sentences
spoken by Salas meant:

> "I need to remain silent."
>
> "That whatever I say can be used against me."
>
> "That I have the right to talk with my lawyer and to
> have him present with me in court."
>
> "That if I don't have to hire a lawyer that I could
> have one free of charge before I go to court."

### E.  Other Evidence.

Government's Exhibit 2 is a print-out of a Wikipedia page
providing links to encyclopedias in several languages.  The
Spanish language link reads "Espanol, La enciclopedia libre."
Government's Ex. 2.  The English language link reads "[t]he Free
Encyclopedia."

The government's Exhibit 6 is a print out of a Spanish-
language website for the Museo Dolores Olmedo, a museum located
in Mexico.  At page four it reads in relevant part:  "Donativo de
entrada:  INAPAM y menores de 6 anos:  entrada libre."

Ms. Rogers testified "entrada libre" is appropriately used
under a heading of entrance fees and the phrase is essentially a
term of art in that context.

### III.  FINDINGS OF FACT.

The Court finds the following facts by a preponderance of
the evidence:

/ / /

**A.** **The English Translation of the Spanish *Miranda* Warnings**.

Detective Salas has not always used the same Spanish words when translating the *Miranda* warnings. The Spanish words Detective Salas probably used to translate the *Miranda* warnings to Defendant translate to English as follows:

> You have the right to remain silence.
>
> Anything you say can be used against you in the law.
>
> You have the right to talk to a lawyer and to have him present with you during the interview.
>
> If you don't have the money to pay for a lawyer, you have the right. One, who is free, could be given to you.

Use of the word "libre" to indicate "without cost" is not a grammatically correct usage in Spanish.

**B.** **Other Evidence of Defendant's Understanding**.

When Defendant was asked in English what the people guarding the marijuana grows were to do if approached by police, Defendant answered the question in English without waiting for a Spanish translation and in a substantively appropriate way. Defendant also answered "yes" in English when asked in English whether there were guns at the grow sites, and Defendant used the word "garden" to refer to the grow sites. When Defendant was asked in English what kinds of firearms were at the grow sites, Defendant answered in English "[just] like that one."

The Court concludes Defendant has a conversant understanding of English when discussing the details of the marijuana grow operation.

## IV.  Whether the Words Used Adequately Conveyed Botello's *Miranda* Rights.

The Spanish-language words used by Detective Salas considered in isolation did not adequately convey to Botello his *Miranda* rights.

Nevertheless, the Court also finds it is more probable than not that Botello actually understood his *Miranda* rights in light of the totality of the circumstances, including the facts found at both the 2009 and the 2012 hearings.  In particular, although use of the word "libre" in the manner that occurred here is grammatically incorrect, the Court is persuaded it is more probably true than not that Defendant understood that he could have the assistance of an attorney at no cost to him if he so desired.

IT IS SO ORDERED.

DATED this 27ᵗʰ day of February, 2012.


ANNA J. BROWN
United States District Judge